IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DANIEL McMANN,<br><br>                Plaintiff,<br><br>v.<br><br>ORVILE HASTINGS,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br><br>Case No. 2:19-CV-557 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion for Summary Judgment. For the reasons discussed below, the Court will grant the Motion.

I.  BACKGROUND

Plaintiff Daniel McMann is an inmate in the custody of the Utah Department of Corrections ("UDC"). McMann claims that on September 24, 2015, Officer Orville Hastings violated his Eighth Amendment rights when Officer Hastings allegedly hit McMann with his keys and failed to obtain medical care for McMann.

The UDC has instituted a grievance procedure, which provides inmates the means to communicate concerns that arise during their incarceration. Inmates initiate the grievance policy by completing Section 1 of Grievance Form No. 1 and submitting it to the appropriate UDC official within seven working days of an incident or seven working days the inmate knew or should have known about the incident.[1] A grievance may be denied if it is not timely submitted.[2]

---

[1] Docket No. 36-1, at 14.

[2] *Id.* at 8.

1

McMann submitted a Level 1 Grievance ("First Level 1 Grievance") but did not include a date, as is required by the form.[3] UDC received the form on October 19, 2015—eighteen days after the seven-day window expired. Two days later, UDC returned the First Level 1 Grievance noting that it was outside the seven-day window. On October 27, 2015, McMann submitted a second Level 1 Grievance ("Second Level 1 Grievance), this time including a date. In his Second Level 1 Grievance, McMann stated that he submitted the First Level 1 Grievance on September 25, 2015.[4]

A Grievance Coordinator responded on November 2, 2015.[5] The Grievance Coordinator explained that the First Level Grievance Form would not be processed because it did not contain a date and was not received until October 19, 2015, more than seven days after the incident with Officer Hastings. The Grievance Coordinator went on to state that had the First Level 1 Grievance been dated, it would have been considered even if it was received after the seven-day period. Finally, the Grievance Coordinator informed McMann that resubmitting the form with a date after the fact did not cure the prior deficiency.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[6] The moving party bears the initial burden of showing "that there is an absence of evidence to support the non-moving party's

---

[3] Docket No. 37-1, at 5.

[4] *Id.* at 4.

[5] *Id.* at 2.

[6] Fed.R.Civ.P. 56(a).

case."[7]  This burden may be met by identifying parts of the record showing an absence of evidence to support an essential element of the opposing party's case.[8]

Once the moving party satisfies its initial burden, "the burden then shifts to the nonmoving party to make a showing sufficient to establish that there is a genuine issue of material fact regarding the existence of [the disputed] element."[9]  A nonmovant "that would bear the burden of persuasion at trial" is required to "go beyond the pleadings and set forth specific facts that would be admissible in evidence in the event of a trial from which a rational trier of fact could find for the nonmovant."[10]  The specific facts put forth by the nonmovant "must be identified by reference to an affidavit, a deposition transcript or a specific exhibit incorporated therein."[11]  Mere allegations and references to the pleadings will not suffice. However, the Court must "examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing the motion."[12]

The Tenth Circuit has recognized that, given the fact-sensitive nature of exhaustion determinations, "a motion for summary judgment limited to the narrow issue of exhaustion and the prisoner's efforts to exhaust [may] be appropriate."[13]  When deciding such a limited motion

---

[7] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[8] *Johnson v. City of Bountiful,* 996 F. Supp 1100, 1102 (D. Utah 1998)

[9] *Id.*

[10] *Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (internal quotation marks and citation omitted).

[11] *Thomas v. Wichita Coca–Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir. 1992).

[12] *Lopez v. LeMaster*, 172 F.3d 756, 759 (10th Cir. 1999) ), *abrogated in part on other grounds by Brown v. Flowers*, 974 F.3d 1178, 1182 (10th Cir. 2020).

[13] *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007)

for summary judgment the Court applies the same procedures used for other summary judgment determinations. Thus, the moving party bears the initial burden of showing that there is an absence of evidence to support the contention that the plaintiff exhausted all available administrative remedies.  Once the moving party has made such a showing, the burden then shifts to the nonmoving party to produce admissible evidence showing that genuine issues of material fact exist precluding summary judgment on the exhaustion question.

### III.  DISCUSSION

The Prison Litigation Reform Act ("PLRA") requires inmates to exhaust all available administrative remedies before seeking redress in the courts.  Specifically, 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  The Supreme Court has held that the PLRA's exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."[14]  The PLRA requires "proper exhaustion," which "demands compliance with an agency's deadlines and other critical procedural rules."[15] Thus, "filing an untimely or otherwise procedurally defective administrative grievance or appeal" does not satisfy the exhaustion requirements of the PLRA.[16]  Instead, "an inmate may

---

[14] *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

[15] *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

[16] *Id.* at 83–84.

only exhaust by properly following all of the steps laid out in the prison system's grievance procedure."[17]

Here, Officer Hastings has met his burden of showing that McMann failed to exhaust his administrative remedies in accordance with UDC's grievance procedure. That policy required McMann to complete and submit his First Level 1 Grievance within seven days of the incident with Officer Hastings. To complete a grievance form, the inmate must sign and date it.[18] McMann never properly completed his First Level 1 Grievance because it was not dated. Further, the record evidence shows that UDC did not receive McMann's unsigned grievance form until October 19, 2015, well outside the relevant time period. Without a date, there was no way for UDC to determine whether the grievance form was timely submitted even though it was received after the seven-day window. Further, given the short period it took UDC to respond to both McMann's First and Second Level 1 Grievances once received, it stands to reason that Plaintiff did not timely submit his First Level 1 Grievance.

McMann offers a number of arguments in an attempt to avoid summary judgment. First, he argues that the grievance procedure does not require inmates to sign and date their grievance forms. While it is true that the grievance procedure does not explicitly state this, it does require an inmate to "complete" a grievance form and the grievance forms call for the inmate's signature and date.[19] Thus, the failure to date the form means that it was never properly completed and was procedurally defective.

---

[17] *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010).

[18] Docket No. 36-1, at 17.

[19] *Id.* at 14, 17.

Next, McMann points out that the First Level 1 Grievance submitted by UDC is incomplete as it is missing the second page. UDC admits that this page is missing and UDC is not in possession of that page. Importantly, however, McMann makes no argument and presents no evidence to suggest that the second page contained a date. Logic suggests that the second page would not contain a date. The First Level 1 Grievance was a four-page document.[20] The first page is a standard form that, among other things, identifies the portion of the form where an inmate must sign and date the form.[21] The remaining pages in the record are not part of the standard form and contain McMann's description of the events and a discussion of Eighth Amendment case law.[22] Presumably, the missing page is in the same vein. Notably, McMann signed the final page but did not date it. It strains reason to believe that McMann would have dated the missing page while failing to do so either on the first or last.

Finally, McMann points to the Second Level 1 Grievance to support his claim that he fully exhausted his administrative remedies. However, this later form, though dated, does not cure the defects of his initial grievance. Because McMann's procedurally defective grievance fails to satisfy the exhaustion requirements of the PLRA, summary judgment is proper.

## IV. CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Summary Judgment (Docket No. 38) is GRANTED.

---

[20] Docket No. 37-1, at 5–7.

[21] *Id.* at 5.

[22] *Id.* at 6–7.

DATED this 24th day of March, 2022.

BY THE COURT:

Ted Stewart
United States District Judge